IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAUL MANSFIELD, # 303430, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:16cv910-ECM |
| | ) [WO] |
| DERRICK CARTER, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Paul Mansfield. Doc. 1.[1] Mansfield challenges his guilty plea convictions for two counts of failing to register as a sex offender entered against him by the Circuit Court of Houston County, Alabama. *See* Docs. 8-2 & 8-5. In March 2016, that court sentenced Mansfield to concurrent terms of 10 years in prison. *See* Doc. 8-1 at 2–3; Doc. 8-4 at 2–3. Under the Alabama Split Sentence Act, the sentences were split, with Mansfield to serve two years in prison concurrently with time he was serving for a Florida conviction. *See* Doc. 8-1 at 3; Doc. 8-4 at 3. Mansfield took no appeal from his Alabama convictions.

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

On November 14, 2016, Mansfield initiated this action by filing a § 2254 petition arguing that the State of Alabama violated the Interstate Agreement on Detainers Act ("IADA") by not trying him within 180 days after he demanded a final disposition in October 2014.[2]  Doc. 1 at 5 & 16–18.

Respondents filed an answer in which they contend that the claim in Mansfield's § 2254 petition is procedurally defaulted because Mansfield failed to present the claim to the state courts in accordance with the State's procedural rules.  Doc. 8 at 6–8.

Mansfield took advantage of the opportunity granted him to respond to Respondents' answer.  *See* Docs. 9 & 10.  After reviewing the § 2254 petition, Respondents' answer, and Mansfield's response, the court concludes that no evidentiary hearing is required and that Mansfield's petition is due to be denied under the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

## II.   DISCUSSION

---

[2] The IADA is a compact among 48 states, the District of Colombia, and the Federal Government of the United States.  It establishes procedures by which one jurisdiction may temporarily obtain custody of a prisoner in another jurisdiction for the purpose of bringing that prisoner to trial.  *Bolkovatz v. Sec'y*, 2013 WL 1881751, at *8 (M.D. Fla. 2013) (citing *Reed v. Farley*, 512 U.S. 339, 341 (1994); *Seymore v. Alabama*, 846 F.2d 1355, 1357 (11th Cir. 1988)).  In pertinent part, the IADA provides:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction . . . his request for a final disposition to be made of the indictment, information, or complaint.

18 U.S.C. app. 2, § 2, art. III(a).

**A.     Procedural Default**

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised.  See 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001).  To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court.  *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala.R.App.P. 39 & 40   The exhaustion requirement applies to state post-conviction proceedings and to direct appeals.  *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules.  *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).  "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion

3

requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas." *Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

### B. Mansfield's Claim is Procedurally Defaulted.

Mansfield contends that the State of Alabama violated the IADA by failing to try him within 180 days after he demanded a final disposition of his case in October 2014. Doc. 1 at 5 & 16–18. Respondents assert that Mansfield has procedurally defaulted his claim. Doc. 8 at 6–8. Specifically, Respondents argue that the claim was not exhausted in the state courts in accordance with the State's procedural rules and that the claim is not capable of further presentation to the state courts due to state procedural rules. *Id.*

The record reflects that Mansfield raised his IADA claim in a pretrial motion to lift detainer and to dismiss the indictment filed in July 2015. Doc. 8-7. The trial court denied Mansfield's motion on grounds that the State never received the demand for final disposition that Mansfield claimed to have filed in October 2014 and thus Mansfield failed to properly invoke the IADA. Doc. 8-9. When later pleading guilty, Mansfield did not reserve his IADA claim for review on appeal. Further, Mansfield took no appeal from his conviction. Under the circumstances, it is clear that Mansfield failed to submit his claim through a complete round of Alabama's established appellate review process. Therefore, he failed to exhaust his claim in the state courts.

Mansfield may no longer return to the state courts to exhaust his claim. It is too late for him to reserve his IADA claim when pleading guilty, and it is also too late for him to raise such a claim on direct appeal. Criminal defendants in Alabama must appeal within

42 days after sentencing. *See* Ala.R.App.P. 4(b)(1). Mansfield took no appeal. The exhaustion and preclusion rules therefore coalesce into the procedural default of Mansfield's IADA claim. *See Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891.

C. **Exceptions to Procedural Default**

A habeas petitioner can overcome a procedural default either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995). Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). To establish prejudice, a petitioner must show that the errors worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Murray,* 477 U.S. at 494 (internal quotations and emphasis omitted).

This court afforded Mansfield an opportunity to demonstrate the existence of cause for his failure to exhaust his IADA claim in the state courts and prejudice resulting from this failure. Doc. 9. In his response (Doc. 10), Mansfield concedes there is no "cause" excusing the procedural default of his claim. However, he argues that a fundamental miscarriage of justice would occur if his claim is not decided on the merits by this court. Doc. 10 at 2.

### Fundamental Miscarriage of Justice

A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *See Henderson,* 353 F.3d at 892. The miscarriage of justice standard is directly linked to actual innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id*. at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *Schlup*, 513 U.S. at 321. "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup*, 513 U.S. at 327–28). The standard exacted by *Schlup* "is demanding and permits review only in the "extraordinary" case." *House v. Bell*, 547 U.S. 518, 538 (2006). *Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Mansfield fails entirely to make the requisite showing of actual innocence. He points to no evidence—nor suggests that any exists—that could satisfy the difficult standard in *Schlup*. For this reason, then, Mansfield's procedurally defaulted IADA claim is foreclosed from federal habeas review.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner.  The petitioner is DIRECTED to file any objections to this Recommendation on or before February 13, 2019.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 30th day of January, 2019.

    /s/ Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE